### DORSEY *v.* LANGWORTHY.

A sale of materials for a nine pin alley, not unlawful, and will not preclude a recovery or mechanic's lien.

#### ERROR *to Dubuque District Court.*

*Opinion by* GREENE, J. Petition filed by Langworthy against Dorsey for a mechanic's lien, to secure payment of a note given for the lumber furnished by the plaintiff for defendant's building. Plea general issue, and also that the note was given for an illegal consideration, to-wit: for lumber, &c., furnished for the building of a nine pin alley. Plaintiff, in his replication, alleged that in furnishing the lumber he did not know that it was to be used for such illegal purpose as a nine pin alley, &c. Trial by jury waived, and cause submitted to the court. Judgment for plaintiff and the lien granted.

It is now contended that this judgment, under the evidence in the bill of exceptions, is erroneous. This evidence clearly proves that the lumber was used for a nine pin alley and gambling house, and that said Langworthy knew that it was to be used for a nine pin alley. A mere nine pin

alley of itself is not unlawful.   The evidence does not show
that Langworthy knew the lumber was to be used for a
gaming house, or any other unlawful purpose.   To make
good the defence it should appear that the plaintiff knew at
the time of the sale that the lumber was to be put to an
unlawful purpose, and that he sold it with the intention of
having it used for such unlawful purpose.   Chitty on Con.
659; Story on Con. § 226.

The evidence does not show Langworthy to have been
*particeps criminis* in any unlawful transaction connected
with the sale, and therefore, we think the court below
decided correctly.

Judgment affirmed.

*Wilson & Smith*, for plaintiff in error.

*Davis & Bissell*, for defendant.

